Morillo v New York City Health & Hospitals Corp. (2018 NY Slip Op 08063)





Morillo v New York City Health & Hospitals Corp.


2018 NY Slip Op 08063


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


7193 309649/09

[*1]Altagracia Morillo, etc., Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, et al., Defendants-Respondents.


Mark M. Basichas & Associates, P.C., New York (Aleksey Feygin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered September 24, 2015, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
After undergoing a procedure at defendant Lincoln Hospital Center's (LHC) gastrointestinal clinic, plaintiff's decedent was found crying and saying that he was depressed, and he was transferred to LHC's emergency department for psychiatric evaluation. The decedent was diagnosed with anxiety disorder NOS, prescribed an anti-anxiety medication, given a follow-up appointment, and discharged later the same day. Two days later, he shot and killed himself. Plaintiff alleges that defendants' decision to discharge, rather than admit, the decedent was the proximate cause of his death.
Defendants established prima facie that they did not depart from good and accepted medical practice in their treatment of the decedent (see Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]). Their extensive medical records and deposition testimony by the decedent's treating physicians show that, in response to questioning, the decedent consistently denied having suicidal thoughts or ideation and said that his anxiety stemmed in part from an uncomfortable living situation. In addition, defendants' psychiatric expert opined that defendants had complied with the accepted professional standards of psychiatric care, and that it was appropriate for them to discharge the decedent after evaluation, since he had denied on multiple occasions that he had any suicidal or homicidal ideation, he did not present a danger to himself or others, he did not present with a sudden psychiatric condition, he demonstrated good insight and impulse control, and he displayed sincere concern for his own well-being.
In opposition, plaintiff failed to raise an issue of fact, notwithstanding plaintiff's submission of the affidavit of the decedent's girlfriend, who accompanied him to LHC's emergency department and averred that defendants never inquired as to suicidal ideation. Plaintiff's expert's opinion that, given the circumstances surrounding decedent's presence in LHC's emergency department for psychiatric evaluation, the decision to discharge him led to his death, is speculative (see Park v Kovachevich, 116 AD3d 182, 191 [1st Dept 2014], lv denied 23 NY3d 906 [2014]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK